PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL SIERRA, Defendant and Appellant.

No. 4825.   Argued November 23, 1932.—Decided November 25, 1932.

*Miguel Sierra, in pro. per.,* for appellant. R. A. Gómez, *Fiscal,* for
appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

The defendant asks us to designate an attorney to defend
him in this appeal, taken from a judgment of conviction. Our
Organic Act of March 2, 1917, provides, by its section 2,
paragraph 1, that no law shall be enacted in this Island which
shall deprive any person of life, liberty, or property without
due process of law, or deny to any person therein the equal
protection of the laws. And in the next paragraph it pre-
scribes that in all criminal prosecutions the accused shall
enjoy the right to have the assistance of counsel for his de-
fense. Section 141 of the Code of Criminal Procedure, as
amended in 1905, says:

"When the defendant is brought into a court for the purpose of
being arraigned upon a charge involving the death penalty or impris-
onment for life, if it appears that he has no counsel and is too poor
to employ counsel, the court shall appoint one or more practicing
attorneys to defend him free of charge, and the counsel so appointed
shall have a reasonable time to prepare for trial. In all other cases
such appointment shall be discretionary with the court."

The words "due process of law" used in the Federal
and State Constitutions, as well as in our Organic Act,
consecrate the principle that a person can not be convicted
without being heard. Under said Organic Act, the right
of the defendant to be heard in criminal proceedings in-
cludes the assistance of counsel for his defense; so that
the accused may be heard personally or through counsel.
This precept does not impose any obligation on the part of
the government to appoint counsel to assist and defend the
accused free of charge, but the Code of Criminal Procedure
does, as shown by the provision we have transcribed above,
although it refers to criminal proceedings wherein the defend-
ant is brought into a court for the purpose of being arraigned.

This rule refers to proceedings in the courts where the trial is to be held and not to appeals taken by defendants to this Court from judgments of the district courts.

This does not mean that the Supreme Court can not assign counsel in some cases where the Court considers that the attendant circumstances require it, but such a situation has not been shown to exist in the case before us.

Appellant's motion must be denied, and he is granted until December 24 to file his brief.